UNITED STATES of America

v.

**Jimmy BEAUMONT.**

No. 1:90–CR–53–1.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 7, 1991.

---

**340**

Louis Guirola, Asst. U.S. Atty., Beaumont, Tex., for plaintiff.

Paul DeCuir, Orange, Tex., for defendant.

## MEMORANDUM ORDER

COBB, District Judge.

On November 7, 1990, the defendant, Jimmy Beaumont, was convicted by a jury of five counts relating to the manufacture and distribution of methamphetamine, including violations of 21 U.S.C. § 846, conspiracy to manufacture methamphetamine; 21 U.S.C. § 841(d)(1), possession of a listed chemical; and 21 U.S.C. § 843, various telephone counts. He is still awaiting trial on a related charge involving a violation of 31 U.S.C. § 5324(3), structuring a financial transaction to avoid reporting requirements.

On November 8, 1990, this court heard oral argument on a motion to release Beaumont pending sentencing. Beaumont was represented by trial counsel at this hearing. The motion was denied from the bench.

On January 2, 1991, Beaumont filed, through a new attorney, a request for a written order stating the reasons denying defendant's request for pre-trial and pre-sentence release. That motion is GRANTED. Accordingly, this court issues the following opinion, denying Beaumont's request for pre-trial and pre-sentence release.

■ Once a defendant has been convicted, a presumption arises as to the defendant's danger to the community and risk of flight. 18 U.S.C. § 3142(a). The presumption is rebuttable, but unless the defendant rebuts the presumption by clear and convincing evidence, detention is mandatory. *Id.*[1]

■ Beaumont presented evidence that he owned a home and several pieces of property, and several businesses in the Orange, Texas, area. Several of the properties and one of the businesses were nightclubs. The nightclub business, Po–Boys, was in fact the site of several of the telephone calls involved in the conspiracy for which this defendant and others were convicted. While this evidence may tend to rebut the presumption of risk of flight, it has at best no effect on the presumption of dangerousness to the community.

■ Drug offenses are by their nature dangerous to the community. *United States v. Cox*, 635 F.Supp. 1047 (D.Kan. 1986). Once a defendant has been convicted of a drug offense, that presumption of dangerousness arises. 18 U.S.C. § 3142(a). Beaumont presented no evidence to rebut that presumption. His activity in the community demonstrates not only ties to the

---

1. On November 29, 1990, the Crime Control Act of 1990 became effective. Although this court does not apply an act with an effective date after the date of the filing of Beaumont's original motion and hearing on that motion, the court notes post-conviction detention is mandatory under that Act as well. Crime Control Act of 1990, PUB.L. NO. 101–647 (1990). In fact, under the new Act, the defendant carries the same burden, but cannot be released unless either the judge also finds a motion for acquittal or new trial is substantially likely to be granted, or the Government also recommends no sentence of imprisonment be imposed. Crime Control Act, Title IX, § 902(a)(2). The Government has not made such a recommendation, and Beaumont offered no evidence showing a motion for acquittal or new trial had a substantial likelihood of success. Accordingly, the result would be the same under the Crime Control Act as obtained under the old 18 U.S.C. § 3142(a).

area, but the use of those ties for drug transactions.

Methamphetamine presents an unusual danger because it can be "cooked" virtually anywhere. Any home or business can become a methamphetamine "lab." It is a "homemade" drug, and its manufacture cannot be deterred by any of the methods employed to halt the flow of drugs that must be imported for distribution. Beaumont presented no evidence contradicting his involvement in the scheme to manufacture methamphetamine of which he was convicted. He failed to carry his burden of presenting clear and convincing evidence he would no longer pose a similar danger to the community.

The presumption of danger to the community has not been rebutted. No condition or combination of conditions could reasonably assure the safety of other persons in the community. Accordingly, Jimmy Beaumont's motion for release pending trial and sentence is DENIED.